IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOLLI LUNDAHL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NAR INC, et al.,<br><br>Defendants. | )<br>)<br>)<br>) Case No. 4:05-cv-00127-RCT<br>)<br>)<br>) MEMORANDUM DECISION AND<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

On April 7, 2006, this Court entered an Order to Show Cause why this Court should not enter a Vexatious Litigant Order against Plaintiff Holli Lundahl ("Lundahl" or "Plaintiff"). This Court has inherent power to "'regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). 28 U.S.C. § 1651(a) also provides this Court with the power to enjoin litigants with lengthy histories of abuse from future filings or to impose such other restrictions pre-filing

**Memorandum Decision and Order - 1**

as may be necessary to thwart such abuse. *Id. De Long* requires this Court to (1) provide the plaintiff with notice that it is considering issuing a pre-filing restriction, (2) establish an adequate record for review, (3) make substantive findings of frivolousness, and (4) tailor the breadth of the order to the particular circumstances of abuse. 912 F.2d 1144.

In response to its Order to Show Cause, which was intended to provide Plaintiff with ample notice of the imminent pre-filing restriction, the Court received numerous filings from persons and parties who have been the subject of Plaintiff's abusive litigation tactics in state and federal courts throughout the western United States. The Court also received a lengthy written response from Plaintiff and held a hearing on Monday, May 15, 2006, to allow Plaintiff to orally respond to the Court's Order. After reviewing the filings in this case, Plaintiff's prior cases in this and other courts, receiving Plaintiff's sworn testimony of approximately 90 minutes in duration, and being fully informed, the Court concludes that pre-filing restrictions upon Plaintiff's future filings in this Court are justified.

As Chief Judge B. Lynn Winmill has noted, Lundahl did not begin filing cases in the District of Idaho until a short time ago. *See Los Angeles Home-Owners Aid, Inc. v. Lundahl*, No. 05-126-e-BLW, Order Rejecting Filing (D.

**Memorandum Decision and Order - 2**

Idaho May 13, 2005) ("Although this case and Civil Case No. 05-128 represent[] Lundahl's first filings in the District of Idaho, her filing history in other courts is a matter of public record and shows that she is a vexatious litigant."). Yet in a very short time, Lundahl has managed to file several separate actions in this Court. The Court is aware of the following suits involving Lundahl and her associates in the District of Idaho: *Los Angeles Home-Owners Aid, Inc. v. Lundahl*, No. 4:05-cv-00126-BLW (dismissed for lack of jurisdiction); *Lundahl v. NAR Inc.*, No. 4:05-cv-00127-RCT (pending before the Court); *Lundahl v. Kunze*, No. 4:05-cv-00128-BLW (dismissed for lack of jurisdiction); *Christonson v. United States*, No. 1:05-cv-00145-MHW (dismissed for lack of jurisdiction and frivolity); *Hurst v. Carney*, No. 4:05-cv-00459-RCT (dismissed for failure to abide by local rules of procedure); *Hurst v. Brown*, No. 4:05-cv-00460-RCT (dismissed for lack of jurisdiction); and *Marchant v. Evett*, No. 1:06-cv-00014-RCT (pending before the Court). Several of these cases are repetitious and the Court has serious concerns over whether venue is proper in the District of Idaho for the reasons set forth herein.

To illustrate the point, Judge Mikel H. Williams of this Court recently noted that "[i]t seems patently clear from Plaintiffs' Complaint and Plaintiffs' subsequent filings with the Court that Plaintiffs have filed this claim in the District

**Memorandum Decision and Order - 3**

of Idaho in order to circumvent prior judicial determinations made in both the California and Utah courts." *Christonson v. United States*, 415 F. Supp. 2d 1186, 1192 (D. Idaho 2006). Further underscoring this Court's concerns, the defendants in *Marchant v. Evett*, No. 1:06-cv-00014-RCT, have alleged that the same claims made in *Christonson* have been filed against them yet again in this district. *See infra*.

      The Court finds that the present case, *Lundahl v. NAR, Inc.*, 4:05-cv-00127-RCT, is a blatant attempt to relitigate previously unsuccessful claims that were dismissed as frivolous in the Utah state courts. *See Lundahl v. Quinn*, 67 P.3d 1000, 1001 (Utah 2003) ("We deny the petition and further hold that it is frivolous."). Indeed, this suit involves an identical attempt by Lundahl to acquire her sister's cause of action by assignment to prosecute the same claims against the same defendants—NAR, Inc., Mark Olson, Olson & Associates, Anthony Tidwell, and Olympus View Dental Center—based on the same underlying facts. The only difference is that here, Lundahl has added a plaintiff, "S. Walker," who is alleged to be a resident of the State of Idaho. These claims stem from the same case in which the Supreme Court of Utah declared that "Holli [Lundahl] has chosen to make legal self-representation a full-time hobby, if not a career" and "[she] has occasionally employed the right to self-representation in a

**Memorandum Decision and Order - 4**

questionable manner." *Id.* at 1002.  Lundahl's belligerent attempt to evade collateral estoppel supports the allegations below that her *modus operandi* is to relitigate claims in a new jurisdiction once they have been dismissed elsewhere as frivolous.

This Court also has reason to believe that Plaintiff is not a resident of Idaho, given the numerous addresses she has used in this Court and the fact that Court mail to various plaintiffs in her actions is returned as undeliverable.  The Court believes that her use of Idaho post office boxes is merely another attempt to gain access to a more favorable forum for her vexatious litigation.  Indeed, in her Complaint in the current case, *Lundahl v. NAR, Inc.*, No. 4:05-cv-00127-RCT, Lundahl concedes that "Plaintiff Holli Lundahl is a resident of the [S]tate of Utah . . . ." (Docket No. 3-1 at 2).

In response to its request for information regarding the nature and extent of Plaintiff's vexatious litigation practices, this Court received many filings establishing that Lundahl consistently and repeatedly engages in abusive, repetitious, and meritless filings.  In particular, the Court notes:

- Los Angeles Home-Owners Aid, Inc. ("LAHA"), its principals and employees, and its attorney have been the victims of Lundahl's vexatious actions in this and various other forums for years.  LAHA's Response to Invitation to Submit Information Regarding Holli

**Memorandum Decision and Order - 5**

        Lundahl's Vexatious Litigation, No. 4:05-cv-00127-RCT (D. Idaho April 20, 2006) (Docket No. 23).

- Eli Lilly and Company, Inc. ("Lilly") and Advanced Cardiovascular Systems, Inc. ("ACS") have a long history of defending against Lundahl's frivolous claims in various state and federal jurisdictions. Lilly and ACS have spent over $1,000,000 in legal fees in defending against Lundahl's frivolous claims. Courts have repeatedly found the actions against Lilly and ACS to have been filed in bad faith and without merit. Lilly and ACS's Submission of Information to Court in Response to Order Filed April 7, 2006, and Notice of Hearing, Filed April 13, 2006, No. 4:05-cv-00127-RCT (D. Idaho April 28, 2006) (Docket No. 26).

- Another set of defendants has noted that "[w]hen a case is dismissed, Holli Lundahl simply re-files the same case in another court or another jurisdiction and adds many of the judges, law clerks, lawyers and others involved in the previous case as defendants." The Compton Defendants', The Strong & Hanni Defendants' and CNA's Joint Memorandum in Support of Entry of Vexatious Litigant Order Against Holli Lundahl, No. 4:05-cv-00127-RCT, at 2-3 (D. Idaho May 8, 2006) (Docket No. 28). Lundahl has filed several repeated suits in the state courts of California and Utah, in the federal courts of California, Utah, Wyoming and Idaho, in the United States Court of Appeals for the Ninth and Tenth Circuits, and in the United States Supreme Court. All of these forums have rendered decisions adverse to Lundahl and most have imposed restrictions on her as a vexatious litigant. *Id.* at 4 n.2.

- Yet another group of defendants states that "[o]ver the past several years, Holli Lundahl has repeatedly filed case after case against the same parties, based on the same operative facts, and alleging the same causes of action." The Elam & Burke Defendants' Memorandum in Support of Entry of Vexatious Litigant Order Against Holli Lundahl, No. 4:05-cv-00127-RCT, at 2 (D. Idaho May 8, 2006) (Docket No. 29). The Elam & Burke law firm reports that its attorneys and clients were sued after they obtained relief on behalf of their client in another

**Memorandum Decision and Order - 6**

District of Idaho case. They state that such a practice is "consistent with Holli Lundahl's *modus operandi*: when she loses a case she tries to relitigate that case in a different forum rather than pursue an appeal." *Id.*[1]

This Court has also reviewed many of the cases filed by Lundahl and her associates in other courts. As the Supreme Court of Utah has noted, Lundahl "has managed to embroil herself in more litigation in just a few short years than one would think humanly possible." *Lundahl v. Quinn*, 67 P.3d at 1002. Accordingly, it should come as no surprise that this Court is not the first to impose filing restrictions on Lundahl. The Supreme Court of the United States, in rejecting *in forma pauperis* status requested by Lundahl, declared that "[a]s [Lundahl] has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee

---

[1] The Elam & Burke Defendants have requested that this Court issue an order "requiring Holli Lundahl to post a bond sufficient to cover the attorney fees and costs likely to be incurred in the pending litigation involving the Elam & Burke Defendants, Case No. 1:06-CV-00014-RCT." *Id.* at 2-3, 7. However, because Lundahl was not yet subject to pre-filing restrictions by the District of Idaho at the time that case was filed, the Court does not yet think it appropriate to require Lundahl to post bond. However, Plaintiff is now forewarned that monetary sanctions, including the posing of surety bonds to indemnify opponents for unnecessary fees and costs that are caused by her abusive litigation tactics, may be considered in the future. Accordingly, the Elam & Burke request is denied without prejudice; it may be renewed by the parties or reconsidered by the Court as the litigation proceeds.

**Memorandum Decision and Order - 7**

required by Rule 38(a) is paid and [the] petition [is] submitted in compliance with Rule 33.1." *Lundahl v. Eli Lilly & Co.*, 544 U.S. 997, 997 (2005).

The United States Courts of Appeals for the Ninth and Tenth Circuits have also imposed pre-filing restrictions on Plaintiff. The Ninth Circuit imposed a pre-filing order governing all of Lundahl's filings with the court, requiring Lundahl to obtain leave of the court prior to filing. *In re Holli Lundahl*, No. 97-80258, Order (9th Cir. July 17, 1997). In its Order to Show Cause, the Ninth Circuit listed nineteen (19) cases which had been initiated by Lundahl in that court. Of those, seventeen (17) had been dismissed for lack of jurisdiction. The Ninth Circuit concluded that "Respondent's practice of burdening this court with meritless litigation justifies careful oversight of respondent's future litigation in this court." *Id.*

The Tenth Circuit noted that Lundahl has a "lengthy and abusive history of filing frivolous, prolix and vexatious actions and pleadings, both in this court and in other state and federal courts" and imposed restrictions on future filings by Lundahl and her associates. *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963, at *2 (10th Cir. June 8, 2005). The court noted that "Lundahl's complaint in the present action, along with her parallel complaints in the Utah district court, are

**Memorandum Decision and Order - 8**

replete with fanciful, implausible and bizarre factual assertions. Her legal claims . . . are virtually all meritless." *Id.* at *3.

The United States District Court for the District of Utah has observed that "[s]ince 1989, Ms. Lundahl has filed or been a party to twenty-eight (28) cases [in the Utah state courts], many of which have been determined to be wholly without merit, frivolous and harassing." *In re Holli Lundahl*, No. 05-253, Order (D. Utah July 8, 2004). There, the court ordered Lundahl to submit any new actions to a magistrate judge for review and approval before filing. Further, these courts are not alone in their scrutiny of and concern regarding Lundahl's actions. *See* LAHA's Response to Invitation to Submit Information Regarding Holli Lundahl's Vexatious Litigation, at 2-3. In fact, Lundahl has filed so many actions in Utah that the Utah Supreme Court has directed that its judicial officers no longer treat her as an ordinary pro se plaintiff. *See Lundahl v. Quinn*, 67 P.3d at 1002 ("Where Holli has chosen to make legal self-representation a full-time hobby, if not a career, it is not too much to expect her to strictly abide by the rules governing the appearances of parties before this court. Therefore, she shall be charged with full knowledge and understanding of all relevant statutes, rules, and case law.").

In many, if not all, of the cases described above, Lundahl has also been cited for her failure to abide by the federal and local rules of procedure. *See, e.g.*,

**Memorandum Decision and Order - 9**

*Hurst v. Carney*, No. 4:05-cv-00459-RCT, Order Granting Defendant's Motion to Dismiss and Imposing Sanctions (D. Idaho April 6, 2006); *Lundahl v. Quinn*, 67 P.3d at 1002 (Utah 2003).  In some cases, it has been alleged that Lundahl was perpetrating fraud upon the court by filing false or altered documents.  *See, e.g.*, The Elam & Burke Defendants' Memorandum in Support of Entry of Vexatious Litigant Order Against Holli Lundahl, No. 4:05-cv-00127-RCT, at 6 n.3 (noting that Plaintiffs have altered the file stamps in their amended complaint); Affidavit of J. Kevin West, No. 4:05-cv-00127-RCT at 2-3 (Docket No. 30) (noting that altered documents were filed with the Court and that Plaintiff signed numerous certificates indicating that service of process had been made when West did not actually receive the documents and pleadings); Affidavit of Kent A. Higgins, No. 4:05-cv-00127-RCT at 2 (Docket No. 31) (claiming that a document with a forged signature was filed in a District of Idaho case).  Several courts, including this one, have also noted irregularities in Lundahl's service of process which may well be evidence of deliberate falsification of documents to influence judicial proceedings. *See, e.g.*, *Caffree v. Lundahl*, 143 Fed. Appx. 102, 106 (10th Cir. 2005); *Lundahl v. Public Storage Mgmt., Inc.*, 62 Fed. Appx. 217 (10th Cir. 2003); *Telford v. Brown*, No. 4:05-cv-00460-RCT, Order (D. Idaho April 7, 2006)*; Los Angeles Home-Owners Aid, Inc. v. Lundahl*, No. 05-126, 2005 WL 1140649 (D. Idaho

**Memorandum Decision and Order - 10**

May 13, 2005); *Lundahl v. CNA Ins.*, No. 20010845-CA, 2003 WL 22145999 (Utah App. 2003).

Because the record now before this Court shows beyond cavil that Lundahl's litigation activities have been both numerous and abusive, the Court finds that Lundahl is a vexatious litigant and her litigation activities are in fact abusive, harmful, and intended to harass and annoy both the parties she names in her lawsuits and the entire judicial system she purports to invoke. Both the number and content of the filings indicate the harassing and frivolous nature of Lundahl's claims. *See De Long*, 912 F.2d at 1148. Lundahl has a lengthy history of targeting the same defendant and any party previously associated with her lawsuits, including judges, clerks, and attorneys, in each of her subsequent actions. When Lundahl is subject to an adverse determination in one court, she simply moves to a new forum to pursue the same claim. Thus, the Court "discern[s] [that] the filing of several similar types of actions constitutes an intent to harass the defendant[s] [and] the court." *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988).

> The Supreme Court has recognized that
>
> every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interest of justice. The continual processing of . . . frivolous requests . . . does not promote that end.

**Memorandum Decision and Order - 11**

*In re McDonald*, 489 U.S. 180, 184 (1989). The same concerns exist here, in the District of Idaho, where the Court currently averages more than 800 active cases per judge and must of necessity bring in a succession of visiting judges sitting by designation to address the judicial emergency caused by the ever-growing caseload and inadequate resources to handle it. The Court's scarce resources are being consumed by Plaintiff's repetitious, frivolous, and meritless filings. In conformance with the other courts listed above, this Court now holds that because she is a vexatious litigant, it is necessary to restrict the future filings of Lundahl,[2] her agents, employees, assigns, and all persons acting in concert or participating with her, in this District as well.

The Court ORDERS the following conditions be imposed upon Lundahl:

> Plaintiff Holli Lundahl is hereby enjoined from filing any further action, pleading, or letters seeking relief in the Court regarding any civil matter without the representation of a licensed attorney admitted to practice in the State of Idaho, unless she first obtains leave of the Chief United States District Judge for the District of Idaho to proceed pro se. Thus, a pre-filing review of Plaintiff's pro se cases shall be conducted for all non-criminal cases lodged by Plaintiff Holli Lundahl.

---

[2] Plaintiff has employed numerous aliases in her past litigation including, but not limited to, H.M. Telford, M.H. Telford, Marti Telford, Holli Lundah, H. Lundahl, H.T. Lundahl, Marti Lundahl, and Holly Mattie Telford. *See, e.g., Telford v. Brown*, No. 4:05-cv-00460-RCT, Order (D. Idaho April 7, 2006). This Order shall apply to Plaintiff even if she improperly proceeds under one of her current or future aliases. It will also bind all persons acting in concert with her.

**Memorandum Decision and Order - 12**

Lundahl shall be required to pay the appropriate filing fees for any future cases at the time such pleadings are lodged. Lundahl shall include in any such pleading filed with this Court: (1) a list of all lawsuits currently pending or filed before this Court or any other state or federal court, including the name, number, and citation, if applicable, of those cases, and a statement indicating the nature of Lundahl's involvement in the matter and the current status or disposition of those proceedings; (2) a list of all appeals currently pending in any federal or state court in which Lundahl is a party; and (3) a properly notarized and sworn affidavit, in proper legal form, reciting the issues Lundahl seeks to present, including a short description of the legal bases for her claim(s) and a statement that the claim(s) Lundahl wishes to present have never been raised by her in any federal or state court proceeding and that to the best of her knowledge the claims are not frivolous. The affidavit shall also list any judgments or monetary sanctions previously imposed on Lundahl, or any person acting in concert with her, and state the status of payment on any such financial obligation. Lundahl must also comply with all applicable rules of practice and procedure for this Court.

This pre-filing Order is tailored to fit the vice the Court has encountered, *see De Long*, 912 F.2d at 1148, and is not designed to prevent all of Plaintiff's lawsuits from being filed. The Order is designed to provide a screening mechanism for Plaintiff's claims to insure that they appear to be meritorious and not repetitious. Those lawsuits not involving claims that have previously been found to lack merit and those complaints demonstrating claims upon which relief may be granted will be allowed to be filed with the Court. Additionally, if Plaintiff obtains legal counsel duly authorized to practice before this Court to

**Memorandum Decision and Order - 13**

represent her in a lawsuit, the Complaint will not be subject to the pre-filing review Order.

Accordingly, the Court adopts the pre-filing review Order on the terms and conditions as set forth above. The Clerk of this Court shall submit all pleadings subject to the Order to the Chief United States District Judge for review prior to the actual filing of the pleadings on the docket of this Court.

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff Holli Lundahl is enjoined from filing any further action, pleading, or letters in this Court in any civil matter without first obtaining leave of the Chief United States District Judge. The Clerk of Court shall submit all pleadings subject to the Order when lodged by Lundahl to the Chief District Judge for review prior to the actual filing of the pleadings in this Court.

//
//
//
//
//
//
//

**Memorandum Decision and Order - 14**

Should Lundahl fail to comply with the conditions of this pre-filing Order, she will be subject to further sanctions, including but not limited to, a requirement that she post adequate surety to indemnify attorneys fees and costs of the opposing parties in the case, as well as punishment for contempt of court, both civil and criminal.

IT IS SO ORDERED.

DATED this 24th day of May, 2006, at Seattle, Washington.

RICHARD C. TALLMAN
United States Circuit Judge
Sitting by designation

**Memorandum Decision and Order - 15**